IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| OMER COVIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-2571-STA-dkv |
| | ) | |
| MIKE BERK and AUSLANDER CORP. | ) | |
| d/b/a AUSCOR TRANSPORTATION | ) | |
| SERVICES, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| MIKE BERK, | ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| OMER COVIC, | ) | |
| | ) | |
| Counter-Defendant. | ) | Consolidated with |
| | ) | |
| EWELINA GRABOWSKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 12-2244-STA-dkv |
| | ) | |
| OMER COVIC, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**ORDER GRANTING JOINT MOTION IN LIMINE TO EXCLUDE THE TESTIMONY
OF ROSE A. McMURRAY**
_____

Before the Court is Mike Berk and Ewelina Grabowska's Joint Motion in Limine to Exclude

the Testimony of Rose A. McMurray (ECF No. 74) filed on May 29, 2014. Omer Covic has

1

responded in opposition (ECF No. 75). For the reasons set forth below, the Motion in Limine is **GRANTED**.

## BACKGROUND

This matter arises from the collision of two tractor trailers in the early morning hours of March 29, 2011. Plaintiff Omer Covic was operating an 18-wheeler on Interstate 40 in Fayette County, Tennessee, when Defendant Mike Berk's 18-wheeler had a rear-end collision with Covic's trailer. Covic filed a Complaint for negligence against Berk and Berk's employer Auslander Corp. d/b/a Auslander Transportation Services (hereinafter "Auslander") on July 7, 2011, civil case no. 11-2571-STA-dkv.[1] Berk filed a counterclaim (ECF No. 17) against Covic on September 14, 2011. On March 27, 2012, Ewelina Grabowska, Berk's spouse, filed a separate action against Covic, civil case no. 12-2244-STA-dkv, alleging loss of consortium. The Court subsequently consolidated both cases for all further proceedings. On May 23, 2013, the Court denied Covic's motion for summary judgment, holding that genuine issues of material fact remained for trial. Thereafter, Covic settled all of his claims against Berk and Auslander, and on June 17, 2013, the parties filed a stipulation of dismissal (ECF No. 65). As such, only Berk and Grabowska's claims against Covic remain for trial. A jury trial is set for September 15, 2014.

In the Motion before the Court, Berk and Grabowska (collectively "Berk") seek an order excluding the opinion testimony of Plaintiff's retained expert Rose A. McMurray. Berk argues that the witness's opinions fail to pass muster under *Daubert*. McMurray's report contains three separately numbered and discussed conclusions, each of which Berk asks the Court to exclude at

---

[1] Covic's initial Complaint named Polar Trucking Corporation ("Polar") as Berk's employer. Covic substituted Auslander for Polar as a defendant on August 16, 2011 (ECF No. 13).

trial. In her first stated conclusion, McMurray opines that Berk failed to operate his tractor trailer in a safe manner and thereby violated federal safety regulations. Berk emphasizes McMurray's disclaimer that she is not an accident investigator or accident reconstructionist. McMurray purports to be an expert in commercial trucking safety and regulatory compliance. Her opinions, however, are speculative in that she merely discusses possible causes of rear-end collisions to describe how Berk in her opinion breached his duty as a commercial truck driver. Berk contends that such an opinion is not scientific and will not assist the trier of fact. As a result, the Court should exclude McMurray's first conclusion.

In the second conclusion offered in her report, McMurray states that Covic was not at fault because the Tennessee Highway Patrol's accident report did not cite Covic for violating any laws or causing the crash in any way. Berk argues that McMurray's report is simply her own interpretation of the accident report. McMurray offers no additional analysis, and as such her conclusory opinion is unreliable and will not aid the jury in understanding the contents of the accident report. Finally, Berk argues that McMurray's third conclusion concerning Auslander history of safety violations is not an opinion but a report of McMurray's search for violations in the federal database. McMurray has not related Auslander's history of other violations to the facts of this case. For all of these reasons, Berk argues that McMurray's testimony is non-scientific, cumulative, prejudicial, and will fail to assist a jury in understanding the facts of the case.

Covic has responded in opposition to the Motion in Limine. According to Covic, Berk has mischaracterized McMurray's report. Instead of offering an opinion reconstructing the accident, McMurray's first conclusion is simply her opinion about Berk's duties as a commercial truck driver and how Berk breached his duties. With respect to her second conclusion about the accident report,

3

McMurray has offered her own expert interpretation about the contents of the report. McMurray noted that Covic was not cited for failing to have reflective tape on his trailer or operating stop lamps. McMurray notes that this observation contradicts Berk's claims to the contrary. McMurray's review of the accident report also allowed her to discover that Berk and Auslander were cited in the Federal Motor Carrier Safety Administration's database for violations of their own. Covic contends these facts are not readily apparent from the accident report, and McMurray's research will assist the jury. McMurray's third and final conclusion about Auslander's history of safety infractions is likewise relevant. Covic argues that this information lends additional support to McMurray's conclusion about Berk's failure to operate his 18-wheeler in a safe manner. Covic requests oral argument on Berk's motion.

## STANDARD OF REVIEW

Berk argues that the opinions offered by Plaintiff's safety expert are inadmissible under the Federal Rules of Evidence and *Daubert*. Under Federal Rule of Evidence 702,

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.[2]

"[T]he trial judge has discretion in determining whether a proposed expert's testimony is admissible

---

[2] Fed. R. Evid. 702

4

based on whether the testimony is both relevant and reliable."[3] The Court's task is to assess "whether the reasoning or methodology underlying the testimony is scientifically valid and . . . whether that reasoning or methodology properly can be applied to the facts in issue."[4]

The Supreme Court in *Daubert* provided the following non-exclusive list of factors for district courts to consider when evaluating the reliability of an opinion witness's testimony: (1) whether a theory or technique can be and has been tested, (2) whether the theory or technique has been subjected to peer review and publication, (3) whether, with respect to a particular technique, there is a high known or potential rate of error and whether there are standards controlling the technique's operation, and (4) whether the technique enjoys general acceptance within the relevant scientific, technical, or other specialized community.[5] The *Daubert* factors are not exhaustive and not all of them may apply in every case.[6] In *Kumho Tire*, the Supreme Court explained that "the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination."[7]

The district court acts as the "gatekeeper" on opinion evidence[8] and must exercise its

---

[3] *Palatka v. Savage Arms, Inc.*, 535 F. App'x 448, 453 (6th Cir. 2013) (quotation omitted).

[4] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592–93 (1993).

[5] *Daubert*, 509 U.S. at 592–94.

[6] *Dilts v. United Grp. Servs., LLC*, 500 F. App'x 440, 445 (6th Cir. 2012).

[7] *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 141–42 (1999).

[8] *Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 142 (1997).

5

gatekeeping function "with heightened care."[9] The Court will not exclude expert testimony "merely because the factual bases for an expert's opinion are weak."[10] Rule 702 of the Federal Rules of Evidence does not "require anything approaching absolute certainty."[11] Under *Daubert*, experts are "permitted wide latitude in their opinions, including those not based on firsthand knowledge, so long as the expert's opinion has a reliable basis in the knowledge and experience of the discipline."[12] "*Daubert* and Rule 702 require only that the expert testimony be derived from inferences based on a scientific method and that those inferences be derived from the facts on the case at hand, not that they know the answer to all the questions a case presents-even to the most fundamental questions."[13] By the same token, "the knowledge requirement of Rule 702 requires more than subjective belief or unsupported speculation."[14] "Red flags that caution against certifying an expert include reliance on anecdotal evidence, improper extrapolation, failure to consider other possible causes, lack of testing, and subjectivity."[15]

---

[9] *United States v. Cunningham*, 679 F.3d 355, 380 (6th Cir. 2012) (quoting *Surles, ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 295 (6th Cir. 2007)).

[10] *Andler v. Clear Channel Broad., Inc.*, 670 F.3d 717, 729 (6th Cir. 2012) (citations omitted).

[11] *Tamraz v. Lincoln Elec. Co.*, 620 F.3d 665, 671–72 (6th Cir. 2010) (citing *Daubert*, 509 U.S. at 590).

[12] *Dilts*, 500 F. App'x at 445 (quoting *Daubert*, 509 U.S. at 592) (internal quotation marks omitted).

[13] *Jahn v. Equine Servs. PSC*, 233 F.3d 382, 390 (6th Cir. 2000) (internal citation omitted).

[14] *Tamraz*, 620 F.3d at 670 (quoting *Daubert*, 509 U.S. at 590).

[15] *Dow v. Rheem Mfg. Co.*, 527 F. App'x 434, 437 (6th Cir. 2013) (citing *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 527 (6th Cir. 2012)).

## ANALYSIS

The Court concludes that McMurray's opinion testimony lacks reliability or relevance and thus must be excluded under the Federal Rules of Evidence. As a threshold matter, the parties disagree about the proper construction of McMurray's report. Berk argues that McMurray has rendered three separate opinions; Covic counters that this is a mischaracterization of McMurray's report. The Court finds that the report plainly has three separately-stated and numbered conclusions about the accident at issue in this case. The report, which is attached as exhibit A to Berk's Motion, begins with detailed information about McMurray and her background. In a section marked "Findings and Opinions," McMurray discusses a number of general safe driving principles, though without any reference to the facts of this case or the circumstances of the accident involving Covic and Berk. Then in a section entitled "Conclusions and Opinions," McMurray lists three conclusions about the accident and Berk's fault in causing the rear-end collision, elaborating on each of her opinions. Based on the very structure of the report, the Court finds that McMurray has in fact submitted three distinct though perhaps interrelated opinions about the accident. Therefore, the Court will analyze the admissibility of each opinion in turn.

**I. Berk's Failure to Maintain Control of His Vehicle**

McMurray states her first opinion as follows: "Mr. Berk failed to maintain control of his vehicle as required by the Federal Motor Carrier Safety Regulations (Part 391.11(3))." McMurray describes the general duties of a commercial truck driver under the relevant federal safety regulations. According to McMurray, research shows rear-end collisions "are almost always the fault of the striking vehicle," in this case the vehicle operated by Berk, and generally occur as a result of a number of factors. McMurray further notes that accidents are more likely on interstates and in

7

the slower, outside lane of traffic.[16] McMurray opines that the accident in this case was preventable because Berk "failed to maintain a safe following distance and have his/her vehicle under control," "failed to keep track of traffic conditions and did not slow down," "failed to ascertain whether the vehicle ahead was moving slowly, stopped, or slowing down for any reason," and "misjudged the rate of overtaking the driver."[17]

The Court finds that McMurray's first opinion is unreliable and therefore inadmissible. McMurray's recitation of the elements of safe driving and the factors that can result in rear-end collisions appear to be within her area of expertise, federal safety regulations and good commercial truck-driving practices. In fact, it could be argued that McMurray's knowledge about why traffic accidents occur under the conditions present in this case is within the common knowledge and experience of the untrained layperson. Regardless, McMurray has failed to apply her knowledge to the specific facts of this case in a methodologically sound manner. In its essence McMurray's opinion is speculative and follows an overly simplistic chain of reasoning: a rear-end collision occurred; rear drivers are generally at fault in rear-end collisions due to any number of common errors; Berk was the rear driver and ipso facto must have committed any number of common errors; and therefore, Berk was at fault. Without closer analysis of the facts of this case or her own independent research, McMurray's opinion about Berk's fault constitutes improper extrapolation and a failure to consider other possible causes.[18] In short, McMurray has ruled in several possible causes

---

[16] McMurray Rep., ex. A to Mot. in Limine (ECF No. 74-1).

[17] *Id.* at 9.

[18] *Dow*, 527 F. App'x at 437. Perhaps, it is the case that McMurray is not qualified to conduct her own investigation, as she specifically disclaims any expertise in accident reconstruction.

8

of the collision without also ruling out some of the same causes. In the final analysis, McMurray's opinion is unreliable and unhelpful to the trier of fact. Therefore, Berk's Motion is **GRANTED** as to McMurray's first conclusion.

## II. The Tennessee State Police Electronic Crash Report

McMurray states her second opinion as follows: "The Tennessee State Police Electronic Crash Report, the official record of the incident, only cited Mr. Berk's actions and noted no contributory actions by Mr. Covic." Based on her review of the accident report, McMurray noted that Berk was cited for improper passing and following too closely. McMurray then undertook her own research and determined that both Berk and Auslander were cited in the federal safety database for the same violations. By contrast, the accident report did not cite Covic for any violations, and consequently no violations were recorded in the federal database. McMurray surmises that Covic's trailer must have had proper reflective tape and operable stop lamps. Otherwise, Covic would have received a citation for such violations, or Berk would have informed the state trooper completing the report about the violations. McMurray concludes this portion of her report with another causation opinion. The accident report found no evidence of skid marks on the interstate. McMurray lists the common reasons driver's fail to attempt to brake before a collision and suggests that distraction, fatigue, poor decision making, or even fear of a trailer rollover or jackknife were each a "possibility" to explain the absence of skid marks and Berk's failure to brake.[19]

The Court finds that McMurray's second conclusion is not an opinion at all but simply a recitation of the facts in the accident report: Berk received citations for improper passing and following too closely, Covic was issued no citations, and no skid marks were found at the scene of

---

[19] McMurray Rep. 11.

9

the collision. As the proponent of McMurray's testimony, Covic has not shown how this information constitutes "scientific, technical, or other specialized knowledge [which] will help the trier of fact to understand the evidence or to determine a fact in issue."[20] It is not clear how McMurray's testimony about the accident report would assist the trier of fact. Undoubtedly other witnesses can competently testify to the same facts; McMurray did not prepare the accident report and has no firsthand knowledge of the accident. McMurray did go beyond the accident report and discover that Berk and Auslander were cited in the federal database for Berk's improper passing and following too closely. But this is only another statement of fact about the consequences of Berk's citations. Likewise, McMurray states that Covic must not have been at fault and specifically that his trailer must have had reflective tape and operable stop lamps. This is not opinion testimony but merely a permissible factual inference from other facts in the accident report. Even though McMurray is a former chief safety officer of the Federal Motor Carrier Safety Administration, it does not appear that any special expertise informed McMurray's comment about Covic's lack of fault.

Strictly speaking, McMurray has offered only one opinion in this part of her report to explain Berk's supposed failure to brake before the collision. Based on the absence of skid marks at the scene, McMurray concluded that Berk did not brake before the collision. Just as she did previously, McMurray lists any number of reasons for the absence of skid marks but then does nothing to rule any of them in or rule any of them out. This speculative approach to causation clearly raises the red flag of improper extrapolation and calls into doubt the reliability of McMurray's conclusion. Therefore, Berk's Motion is **GRANTED** as to McMurray's second conclusion.

### III. Auslander's History of Safety Violations

---

[20] Fed. R. Evid. 702.

McMurray states her third and final opinion as follows: "Auslander Corporation (dba Auscor), the employer of Mr. Berk, at the time of the accident, had a history of incurring certain safety violations." McMurray reports that Auslander had been the subject of federal and state safety compliance reviews in 2011 and in four of the six years prior to 2011. McMurray explains that these reviews are limited to the "highest risk companies" based on a history of safety concerns. The frequency of the federal and state compliance reviews suggested to McMurray that Auslander "continued to have a safety record which merited follow-on investigations by authorities."[21] During this period, Auslander had violations for drivers carrying expired licenses or medical cards, speeding, not wearing seat belts, and exceeding allowable hours for duty and driving time. McMurray opines that Auslander's history of violations "calls into question Auslander's overall driver management controls and the company's commitment to ensuring their driver workforce operated safely and that they were fully qualified to drive."[22] McMurray concludes that Auslander did not meet its regulatory obligations because it failed to have in place "competent operating programs and policies" to ensure safety.

The Court finds that McMurray's final opinion is inadmissible. As an initial matter, the Court reiterates that Auslander is no longer a party to this action. Covic has settled and stipulated to the dismissal of his claims against Auslander and Berk. Covic has not argued the relevance of Auslander's safety history to Berk and Grabowska's remaining claims against Covic.[23] McMurray's

---

[21] McMurray Rep. 12.

[22] *Id.*

[23] Under Tennessee law, evidence of Auslander's possible negligence would perhaps be relevant to its comparative fault in causing the collision. The problem lies in the fact that Covic did not allege Auslander's comparative fault in his answer to the counterclaim. The Tennessee

11

opinion as stated, however, is unreliable and irrelevant to the issues in this case. McMurray's report relays what can only be described as fact and not opinion evidence about Auslander's history of safety issues. After noting the general kinds of safety violations involving Auslander's drivers in the past, McMurray leaps to the conclusion that Auslander lacked adequate safety policies. McMurray never explains what Auslander's policies were or how Auslander's policies perhaps deviated from the industry standard. Most importantly, even if Auslander had inadequate safety policies, McMurray never describes the training Berk received as an Auslander employee or explains how Auslander's inadequate policies played any part in Berk's collision with Covic. McMurray only refers to unrelated instances where Auslander drivers had expired licenses or medical identification, failed to wear a seatbelt, exceeded the speed limit, or worked too many hours. There is no evidence cited in McMurray's report to show that any of these violations occurred in this case or resulted from Auslander's training policies. As such, McMurray's opinion not only suffers from a leap of logic but also has no discernible relevance to the collision at issue in this case. Without some attempt to connect Auslander's history of prior safety violations to the facts of this accident, McMurray's testimony about Auslander's other violations has the appearance of an impermissible attempt to prove Auslander's "character in order to show that on a particular occasion the person acted in accordance with the character."[24] Therefore, Berk's Motion is **GRANTED** as to McMurray's third

---

Supreme Court has held that a defendant must raise the affirmative defense of comparative fault, "including the identity or description of any other alleged tortfeasors," in an answer as an affirmative defense. *McNabb v. Highways, Inc.*, 98 S.W.3d 649, 654 (Tenn. 2003). In answering the counterclaim against him, Covic has not alleged the comparative fault of Auslander. Berk has not actually raised this issue in support of the Motion in Limine. As a result, the Court need not decide the question here.

[24] Fed. R. Evid. 404(b)(1).

conclusion.

## CONCLUSION

The Court holds that McMurray's opinions as stated in her report are inadmissible and therefore must be excluded. Pursuant to Local Rule 7.2(d), the Court finds that a hearing on Berk's Motion in Limine would not be helpful or necessary to the Court's determination of the issue. As such, Covic's request for oral argument is denied. Berk's Motion in Limine to exclude the testimony is **GRANTED**.

    **IT IS SO ORDERED**.

    **s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: July 14, 2014.