IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| OMER COVIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-2571-STA-dkv |
| | ) | |
| MIKE BERK and AUSLANDER CORP. | ) | |
| d/b/a AUSCOR TRANSPORTATION | ) | |
| SERVICES, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| MIKE BERK, | ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| OMER COVIC, | ) | |
| | ) | |
| Counter-Defendant. | ) | Consolidated with |
| | ) | |
| EWELINA GRABOWSKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 12-2244-STA-dkv |
| | ) | |
| OMER COVIC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING IN PART, DENYING IN PART MOTION IN LIMINE TO
EXCLUDE THE TESTIMONY OF JOHN D. BETHEA**

Before the Court is Omer Covic's Motion in Limine to Exclude the Testimony of John D.

Bethea (ECF No. 81) filed on September 2, 2014. Mike Berk and Ewelina Grabowska have

1

responded in opposition (ECF No. 86). For the reasons set forth below, the Motion in Limine is **GRANTED in part, DENIED in part**.

## BACKGROUND

This matter arises from the collision of two tractor trailers in the early morning hours of March 29, 2011. Plaintiff Omer Covic was operating an 18-wheeler on Interstate 40 in Fayette County, Tennessee, when Defendant Mike Berk's 18-wheeler had a rear-end collision with Covic's trailer. Covic filed a Complaint for negligence against Berk and Berk's employer Auslander Corp. d/b/a Auslander Transportation Services (hereinafter "Auslander") on July 7, 2011, civil case no. 11-2571-STA-dkv.[1] Berk filed a counterclaim (ECF No. 17) against Covic on September 14, 2011. On March 27, 2012, Ewelina Grabowska, Berk's spouse, filed a separate action against Covic, civil case no. 12-2244-STA-dkv, alleging loss of consortium. The Court subsequently consolidated both cases for all further proceedings. On May 23, 2013, the Court denied Covic's motion for summary judgment, holding that genuine issues of material fact remained for trial. Thereafter, Covic settled all of his claims against Berk and Auslander, and on June 17, 2013, the parties filed a stipulation of dismissal (ECF No. 65). As such, only Berk and Grabowska's claims against Covic remain. A jury trial is set for September 15, 2014.

In the Motion before the Court, Covic seeks an order excluding the opinion testimony of Berk and Grabowska's (collectively "Berk") retained expert John D. Bethea. Covic argues three reasons the Court should exclude Bethea's testimony about the accident at issue. First, Bethea has reconstructed the accident by assuming Berk was driving his vehicle at two different speeds, 64

---

[1] Covic's initial Complaint named Polar Trucking Corporation ("Polar") as Berk's employer. Covic substituted Auslander for Polar as a defendant on August 16, 2011 (ECF No. 13).

MPH and 61.6 MPH. Bethea based his assumption of a speed of 64 MPH on the fact that Berk's truck allegedly had a governor to limit its speed to 64 MPH. Bethea derived his assumption of a speed of 61.6 MPH from data recorded on an electronic control module (ECM), an onboard computer recording data about the operation of Berk's truck. According to Bethea, the ECM showed Berk was operating his truck at an average speed of 61.6 MPH during the hour prior to the collision.

Covic contends Bethea's assumptions about the speed of Berk's truck are not reliable. The same ECM data also showed that over the two months prior to the accident, Berk's truck exceeded 66 MPH 2,648 times. The ECM recorded the truck's maximum speed at 126.5 MPH on January 14, 2011. Covic argues then that Bethea's assumption of a maximum speed of 64 MPH is unreliable. Likewise, his assumption of an average speed over a one-hour time frame is unreliable because the average speed represents many different speeds and not Berk's exact speed at the moment before the collision. Because both assumptions are unreliable, the Court should exclude Bethea's calculations.

Second, Covic argues that Bethea's calculations of Covic's speed at the time of the collision are also unreliable. Bethea calculated that Covic must have been driving at 34 or 37 MPH. Bethea arrived at these conclusions strictly on the basis of his assumptions that Berk was driving at 64 MPH or 61.6 MPH. The Court should exclude Bethea's calculations of Covic's speed because they are based on Bethea's unreliable assumptions about Berk's speed. Bethea's calculations of Covic's speed suffer from a number of other problems. Bethea used an average friction factor for wet asphalt surfaces instead of measuring the actual friction factor for the stretch of interstate where the accident occurred. Bethea also calculated Covic's speed by using the average curb weight of each tractor and not actual weight and average weights for both trailers. And Bethea failed to take into account the weight of the contents of the tractor, including the driver and his personal belongings. Covic

contends that the Court should not admit Bethea's calculation of Covic's speed for all of these reasons.

Third, Covic objects to Bethea's theory explaining why Berk was unable to detect Covic's much slower speed. Bethea cited a study of the Society of Automotive Engineers for the proposition that on a straight roadway, drivers need an additional increment of time to recognize a slow moving lead vehicle as a hazard. Covic argues that Bethea's opinion on this point is simply irrelevant. Covic highlights Berk's testimony that he did not see Covic's vehicle until he was one truck-length away from it. In other words, this is not an instance where Berk observed Covic's trailer but could not judge how slowly Covic was driving and take action to avoid Covic. Bethea's reliance on the study does not fit the evidence in the case and is therefore irrelevant. Covic adds that Berk has failed to rule out other causes for the collision. Therefore, the Court should exclude this part of Bethea's testimony.

Berk has responded in opposition to Covic's Motion in Limine. Berk defends Bethea's assumptions about Berk's rate of speed and his related calculations of Covic's speed. Berk emphasizes the number of factors on which Bethea relied in arriving at his in-line momentum calculations, including the distance which the vehicles traveled after the collision, the absence of skid marks on the road surface, the grade of the road, the wet conditions present at the time of the accident, the lack of lighting on the roadway, the damage to the vehicles, the locking of the braking systems on each vehicle, and the altered coefficient of friction for commercial tires. Berk argues that Covic's criticisms of Bethea's methodology go to the weight of his conclusions and not their reliability. According to Berk, "pinpoint precision is not required." Berk argues that Bethea's use of an average speed and a maximum speed have evidentiary support in the record. As for Bethea's

4

reliance on the Society of Automotive Engineers study, Berk contends that the study fits the evidence and provides a plausible theory about why the accident occurred as it did in this case. Therefore, the Court should deny Covic's Motion in Limine.

## **STANDARD OF REVIEW**

Covic claims that the opinions offered by Plaintiff's safety expert are inadmissible under the Federal Rules of Evidence and *Daubert*. Under Federal Rule of Evidence 702,

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.[2]

"[T]he trial judge has discretion in determining whether a proposed expert's testimony is admissible based on whether the testimony is both relevant and reliable."[3] The Court's task is to assess "whether the reasoning or methodology underlying the testimony is scientifically valid and . . . whether that reasoning or methodology properly can be applied to the facts in issue."[4]

The Supreme Court in *Daubert* provided the following non-exclusive list of factors for district courts to consider when evaluating the reliability of an opinion witness's testimony: (1) whether a theory or technique can be and has been tested, (2) whether the theory or technique has

---

[2] Fed. R. Evid. 702

[3] *Palatka v. Savage Arms, Inc.*, 535 F. App'x 448, 453 (6th Cir. 2013) (quotation omitted).

[4] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592–93 (1993).

5

been subjected to peer review and publication, (3) whether, with respect to a particular technique, there is a high known or potential rate of error and whether there are standards controlling the technique's operation, and (4) whether the technique enjoys general acceptance within the relevant scientific, technical, or other specialized community.[5] The *Daubert* factors are not exhaustive and not all of them may apply in every case.[6] In *Kumho Tire*, the Supreme Court explained that "the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination."[7]

The district court acts as the "gatekeeper" on opinion evidence[8] and must exercise its gatekeeping function "with heightened care."[9] Under *Daubert*, experts are "permitted wide latitude in their opinions, including those not based on firsthand knowledge, so long as the expert's opinion has a reliable basis in the knowledge and experience of the discipline."[10] "*Daubert* and Rule 702 require only that the expert testimony be derived from inferences based on a scientific method and that those inferences be derived from the facts on the case at hand, not that they know the answer to all the questions a case presents-even to the most fundamental questions."[11] By the same token, "the

---

[5] *Daubert*, 509 U.S. at 592–94.

[6] *Dilts v. United Grp. Servs., LLC*, 500 F. App'x 440, 445 (6th Cir. 2012).

[7] *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 141–42 (1999).

[8] *Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 142 (1997).

[9] *United States v. Cunningham*, 679 F.3d 355, 380 (6th Cir. 2012) (quoting *Surles, ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 295 (6th Cir. 2007)).

[10] *Dilts*, 500 F. App'x at 445 (quoting *Daubert,* 509 U.S. at 592) (internal quotation marks omitted).

[11] *Jahn v. Equine Servs. PSC*, 233 F.3d 382, 390 (6th Cir. 2000) (internal citation omitted).

knowledge requirement of Rule 702 requires more than subjective belief or unsupported speculation."[12] "Red flags that caution against certifying an expert include reliance on anecdotal evidence, improper extrapolation, failure to consider other possible causes, lack of testing, and subjectivity."[13]

**ANALYSIS**

The Court holds that Bethea's opinions are sufficiently reliable and relevant under the Federal Rules of Evidence, but only in part. Covic has not challenged Bethea's expertise or qualifications to render an opinion on the reconstruction of the accident. Covic has primarily contested Bethea's assumptions about the speed of Berk's truck at the time of the collision. The Court holds that Bethea's calculations of each truck's velocity at the time of the collision are grounded in a reliable, scientific methodology. It is true that Bethea assumed two different speeds for Berk's vehicle in arriving at his conclusions. However, the two speeds have evidentiary support in the record of the case. Both Bethea and Berk himself testified that Berk's truck was limited to a maximum speed of 64 MPH under normal conditions.[14] Although Covic has cited other evidence to call this testimony into doubt, Covic's argument goes to the weight and credibility of the evidence. Similarly, Bethea's assumption that Berk was operating his vehicle at 61.6 MPH at the time of collision has evidentiary support. The ECM showed that Berk's average speed during the hour leading up to the accident was 61.6 MPH. Berk himself testified that his speed was "no more than 64" at the time of the crash and

---

[12] *Tamraz v. Lincoln Elec. Co.*, 620 F.3d 665, 670 (6th Cir. 2010) (quoting *Daubert*, 509 U.S. at 590).

[13] *Dow v. Rheem Mfg. Co.*, 527 F. App'x 434, 437 (6th Cir. 2013) (citing *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 527 (6th Cir. 2012)).

[14] Berk Dep. 23:19–23; 56:15–22 (ECF No. 81-3).

possibly as slow as 55.[15] Covic's criticism about Bethea's assumption again goes to the weight of this evidence, not the reliability of the Bethea's methodology. Courts will not exclude expert testimony "merely because the factual bases for an expert's opinion are weak" or appear to be weak.[16] These are matters for the jury to decide after a thorough cross-examination of these witnesses. Therefore, Covic's Motion is **DENIED** as to this issue.

For the same reasons, the Court holds that Bethea's calculations of Covic's speed are the product of a tested, scientifically valid methodology. Bethea arrived at Covic's speed simply by using a formula to compute in-line momentum. Covic does not challenge Bethea's formula but rather the variables Bethea plugged into the formula, including Berk's speed at the time of the collision. As Covic acknowledges, the reliability of the calculation is directly related to the reliability of Bethea's assumptions about Berk's speed. Because the Court holds that Bethea's assumptions about Berk's speed are reliable and grounded in the evidence, the Court holds that Bethea's calculations of Covic's speed are also reliable.

The other variables Bethea assumed in his calculations appear to be valid as well. It is true that Bethea has assumed average weights and disregarded other weights in performing his calculations. Bethea testified that possible differences in weights were "insignificant" and played a "very small" role in calculations related to "an 80,000 pound vehicle or 40,000 pound vehicle."[17] The Court finds that this argument goes to the weight of Bethea's testimony, and not the soundness

---

[15] *Id.* at 67:21–68:10.

[16] *Andler v. Clear Channel Broad., Inc.*, 670 F.3d 717, 729 (6th Cir. 2012) (citations omitted).

[17] Bethea Dep. 92:13–93:4 (ECF No. 81-2).

or reliability of his calculations. It bears emphasis that Rule 702 of the Federal Rules of Evidence does not "require anything approaching absolute certainty."[18] Therefore, Covic's Motion is **DENIED** as to this issue.

Finally, the Court holds that Bethea's opinion about the phenomenon described in the study conducted by the Society of Automotive Engineers does not fit the evidence in this case. Bethea has opined that Berk "was unable to detect the hazard presented by the much slower speed of [Covic's truck] due to (a) dark, unlighted night-time conditions, and (b) travel along a straight section of highway."[19] Bethea's opinion is grounded in an academic study explaining the "significant difference between the times at which a slow moving lead vehicle is visible on a straight roadway versus when it is perceivable as an immediate hazard."[20] The problem here lies in the fact that Berk did not testify that he saw Covic's trailer but did not immediately recognize that Covic's slow-moving vehicle was a hazard. Berk explained that he could not recall the distance between his truck and Covic's trailer when he first saw it just before the collision. Berk only stated that the span "was very short" and less than a truck-length away.[21] As such, Bethea's theory that Berk would have had some difficulty in judging Covic's speed because of the nighttime conditions or the grade of the interstate simply does not comport with the proof before the Court. Berk's testimony is clear that he did not see Covic until he was in very close proximity. Based on this testimony, there is no proof consistent with the phenomenon described in the literature cited by Bethea. Therefore, Bethea's

---

[18] *Tamraz*, 620 F.3d at 671–72 (citing *Daubert*, 509 U.S. at 590).

[19] Bethea Rep. 3 (ECF No. 81-1).

[20] *Id.*

[21] Berk Dep. 67:8–14.

opinion on this point is irrelevant, and Covic's Motion is **GRANTED** as to this issue.

Covic's Motion is Limine is **GRANTED in part, DENIED in part**.

**IT IS SO ORDERED**.

                                            **s/ S. Thomas Anderson**
                                            S. THOMAS ANDERSON
                                            UNITED STATES DISTRICT JUDGE

                                            Date:  September 12, 2014